**Htin LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–73547.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 2, 2009.

Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Htin Lin, a native and citizen of Myanmar, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001), and we deny the petition for review.

The agency found Lin not credible in part because of an inconsistency regarding his membership in the All Burma Student Democratic Front. Because this inconsistency goes to the heart of Lin's claim, and the agency reasonably rejected Lin's proffered explanation for the inconsistency, substantial evidence supports the adverse credibility determination. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the [agency's] adverse credibility finding."). Accordingly, in the absence of credible testimony, Lin failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.